# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

PABLO RODRIGUEZ,
    Plaintiff,

v.

No. 3:10cv1472 (SRU)

UNITED STATES OF AMERICA,
    Defendant.

## RULING ON MOTION TO DISMISS

On August 12, 2010, the plaintiff, Pablo Rodriguez, filed an action in the Small Claims Session of Connecticut Superior Court against a United States Post Office located in New Britain, Connecticut. Rodriguez seeks $500 for damages arising from the alleged theft of a package that the United States Postal Service left outside his residence. On September 16, 2010, the United States removed this case to federal court. (Doc. # 1.) The United States now moves to be substituted for the New Britain United States Post Office as the defendant in this case, and for the court to dismiss Rodriguez's case for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Rodriguez, who appears *pro se* and was served with the United States' motion and the Local Rule 12(a) Notice to Pro Se Litigants, has not responded to the United States' motion since its filing on September 16, 2010.

The United States is substituted as the defendant because a United States Post Office is not a party that can be sued and the United States is the proper defendant in a tort action against the United States Postal Service. *Grasso v. U.S. Postal Serv.*, 438 F. Supp. 1231, 1236 (D. Conn. 1977). Furthermore, the United States' Rule 12(b)(1) motion must be granted because this court lacks subject matter jurisdiction. Rodriguez seeks to hold the United States liable in tort for the loss of a package that the Postal Service allegedly delivered improperly. That claim is governed by the Federal Tort Claims Act ("FTCA"), which provides that:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail*.

28 U.S.C. § 2675(a) (emphasis added).

In other words, in order to sue the United States under the FTCA, Rodriguez first had to exhaust his administrative remedies. That exhaustion requirement "is jurisdictional and cannot be waived." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005). Rodriguez has not demonstrated that he filed an administrative tort claim with the United States Postal Service, and the United States avers that it has no record of Rodriguez ever filing such an administrative tort claim. (Doc. # 5, Decl. of Diane M. Williams ¶ 3.) This court therefore lacks subject matter jurisdiction to decide Rodriguez's case.[1] Rodriguez must file his claim with the United States Postal Service and exhaust his administrative remedies before commencing a lawsuit against the United States for damages arising from the tortious handling of his mail.

The motion to dismiss (doc. # 5) is GRANTED. The clerk is instructed to close the file.

It is so ordered.

Dated at Bridgeport, Connecticut, this 20th day of January 2011.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge

---

[1] Alternatively, this court lacks jurisdiction because of the "postal matter" exception to the FTCA. *See* 28 U.S.C. § 2680(b) (excluding from court's jurisdiction "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter"); *Marine Ins. Co. v. United States*, 378 F.2d 812, 814 (2d Cir. 1967) (affirming dismissal of case under the "postal matter" exception).